AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

FILED
WILLIAMSPORT

SEP 21 2022

PER _CAW_
DEPUTY CLERK

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Toshiba laptop computer, HP laptop computer, Samsung tablet, six thumb drives, two SD cards.

Case No. 4:22-MC-00724

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: Toshiba laptop computer, HP laptop computer, Samsung tablet, six thumb drives, two SD cards.

located in the ____Middle____ District of ____Pennsylvania____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 USC section 846 | Conspiracy and attempted possession with intent to distriburte a controlled substance. |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_/s/ Timothy K. O'Malley_
*Applicant's signature*

Timothy K. O'Malley, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/21/22

_/s/ William I. Arbuckle_
*Judge's signature*

City and state: Williamsport, PA

William I. Arbuckle, U.S. Magistrate Judge
*Printed name and title*

FILED
WILLIAMSPORT

SEP 2 1 2022

PER_____CAW_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF:
Toshiba laptop computer, HP laptop computer, Samsung tablet, six thumb drives, two SD cards.

Case No. 4:22-mc-00724

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Timothy K. O'Malley, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the forensic examination of a Toshiba laptop computer Serial Number 4E163493P, an HP laptop computer Serial Number 5CD6373Z0Y, a Samsung tablet Serial Number R52GB2CN0WJ, a SanDisk Ultra Plus 64GB thumb drive, a Memorex 4GB thumb drive, a PNY 32GB thumb drive labeled "Shiva 9", a PNY 32GB thumb drive labeled "Shiva 2", a SanDisk Cruzer U 16GB thumb drive, a PNY 64 GB thumb drive, a SanDisk 32GB SD card, and a SanDisk Extreme Plus 64GB SD card (Listed Devices) which are currently in the possession of the FBI Williamsport Resident Agency in the Middle District of Pennsylvania and the extraction from said devices of electronically stored information.

2. I am a Special Agent of the Federal Bureau of Investigation, and, as such, am an investigative or law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am engaged in the enforcement of criminal laws and am within a category of officers authorized by the Attorney General to request and execute search warrants pursuant to Title 18, U.S.C., Sections 3052 and 3107; and DOJ

regulations set forth at Title 28, C.F.R., Sections 0.85 and 60.2(a). I have been so employed for 18 years. I was previously employed for three years as a police officer with the United States Secret Service, Uniformed Division. I am assigned to the FBI's Philadelphia Division at the Williamsport Resident Agency, Williamsport, Pennsylvania. I am currently assigned to investigate violent crimes, crimes on government reservations, and complex financial crimes. I have received extensive training in methods of proof utilized in the investigation and prosecution of federal crimes. I have conducted and participated in the conduct of hundreds of investigations. In the course of my official duties as a Special Agent, I have executed and participated in the execution of numerous federal search warrants.

3. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents and from other law enforcement officers, information obtained from witnesses, subpoenaed records, search warrants, and subject interviews.

4. This affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant and does not set forth all my knowledge about this case. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of a violation of Title 21, U.S.C. Section 846, conspiracy and attempted possession with intent to distribute controlled substances, and 18 U.S.C. § 2, will be located through an examination of the devices described herein.

**IDENTIFICATION OF THE DEVICES TO BE EXAMINED**

5. The property to be searched are: a Toshiba laptop computer Serial Number 4E163493P, an HP laptop computer Serial Number 5CD6373Z0Y, a Samsung tablet Serial Number R52GB2CN0WJ, a SanDisk Ultra Plus 64GB thumb drive, a Memorex 4GB thumb

2

drive, a PNY 32GB thumb drive labeled "Shiva 9", a PNY 32GB thumb drive labeled "Shiva 2", a SanDisk Cruzer U 16GB thumb drive, a PNY 64 GB thumb drive, a SanDisk 32GB SD card, and a SanDisk Extreme Plus 64GB SD card. These devices were seized by the FBI and the Pennsylvania State Police Clandestine Laboratory Response Team (CLRT) on June 8, 2019 from ANTONY D. BRESSI's business, SHIVA Science & Technology Group, 4332 Westbranch Highway, Lewisburg, Pennsylvania, pursuant to execution of a federal search warrant issued by this court.

6. The applied-for warrant would authorize the forensic examination of these devices for the purpose of extracting electronically stored data.

## PROBABLE CAUSE

7. On Saturday, June 8, 2019, Federal search warrants were issued in the Middle District of Pennsylvania authorizing the search of Anthony D. Bressi's business, SHIVA Science & Technology Group LLC, 4332 Westbranch Highway, Lewisburg, Pennsylvania, and authorizing the search of Bressi's residence, 63 Cricket Lane, Danville, Pennsylvania. On June 8, 2019, FBI Agents, federal task force officers, local law enforcement officers, and the Pennsylvania State Police Clandestine Laboratory Response Team (CLRT) executed said search warrants.

8. Bressi and his girlfriend were present at SHIVA at the time the search warrant was executed at that location. Investigators informed Bressi that federal search warrants were issued authorizing the search of SHIVA and the search of his residence. Bressi was provided with and reviewed a copy of the search warrant for SHIVA.

9. Bressi readily consented to be interviewed by agents. Bressi told agents that he had an active distillation of dichloromethane and Aceto Nitrile occurring inside SHIVA at the time the FBI executed the search warrant. During the interview, BRESSI asked the interviewing agents what they thought he was doing at SHIVA. FBI Task Force Officer Ryan Kelley informed Bressi that the investigation indicated he was making fentanyl at SHIVA. Bressi admitted he was in the process of making a batch of Carfentanyl that would yield approximately 600 kilograms of Carfentanyl. Bressi was transported to the Pennsylvania State Police Barracks. Bressi was informed that he was under arrest. Bressi was advised of his Miranda Rights. Bressi consented to being interviewed. Bressi reviewed and signed an Advice of Right form.

10. Bressi told investigators that he has been making fentanyl since 2015 at his parent's home, 238 Birchwyn Drive, Elysburg, Pennsylvania, and at SHIVA in Lewisburg, Pennsylvania since 2016.

11. Bressi told investigators that from 2015 to 2017 he manufactured and delivered about 200 kilograms of fentanyl and 3-methylfentanyl to his customers Terry Harris and Damonico Henderson.

12. Subsequent to his arrest and with the authorization and approval of his attorney, Bressi continued to actively cooperate with agents.

13. On June 15, 2019, Damonico L. Henderson and an individual later identified as Ruben Garcia, travelled from Henderson's residence at 353 Pemberton Drive, Elyria, Ohio to a shopping center in Hermitage, Pennsylvania to meet with BRESSI in the parking lot of the Lowe's store in Hermitage, Pennsylvania. Days prior to this trip, Henderson and Bressi finalized the meeting time and location by SMS text messages. The purpose of this pre-arranged

meeting was for Henderson to take possession of 100 kilograms of carfentanil (a Schedule II controlled substance) mixed with lactose from Bressi.

14. Unbeknownst to Henderson and Garcia, Bressi was acting as a Cooperating Witness (CW) for the FBI. The carfentanil filled buckets Henderson expected to receive were replaced by buckets containing only lactose. From the time of their departure from Henderson's home, throughout their travel to Pennsylvania and back to Ohio, Henderson and Garcia were kept under physical surveillance by FBI Agents and Task Force Officers. Additionally, the meeting between Henderson and Bressi in the Lowe's parking lot in Hermitage, Pennsylvania was observed, monitored, and recorded by the FBI.

15. Henderson and Garcia travelled from Elyria, Ohio to Hermitage, Pennsylvania primarily via the Ohio Turnpike/Interstate 80. As they neared the area of Hermitage, Garcia pulled off at an exit, while Henderson continued to the Lowe's store parking lot in Hermitage, Pennsylvania to meet with BRESSI as planned. Henderson met with BRESSI in the Lowe's parking lot where Henderson took possession of the 10 white five-gallon buckets filled with lactose. Henderson and Bressi loaded the buckets into Henderson's rented vehicle. During the recorded conversation between Bressi and Henderson, Bressi clearly identified the contents of the buckets to Henderson as Carfentanil.

16. Henderson departed from the Lowe's parking lot and travelled to a Dunkin Doughnuts parking lot in Hubbard, Ohio where Garcia was waiting. Henderson and Garcia transferred the ten five gallon buckets from Henderson's rental vehicle into Garcia's pickup truck. Henderson and Garcia then resumed their travel westbound on the Ohio Turnpike back to Elyria.

17.  Henderson's and Garcia's return travel took them back to Henderson's residential neighborhood. As they approached Henderson's neighborhood, FBI personnel conducting surveillance of the two men and their vehicles were assisted by Ohio State Highway Patrol Troopers in conducting a traffic stop. Both men were taken into custody by Agents at the traffic stop. Henderson was arrested pursuant to an arrest warrant issued in the Middle District of Pennsylvania.

18.  On Tuesday, June 18, 2019, Terry Harris drove from his apartment building, Franklin Tower Residences, 200 North 16th Street, Philadelphia, to Bressi's residence, 63 Cricket Lane, Danville, Pennsylvania.

19.  About a week prior to this trip, on June 11, 2019, Bressi made a consensually recorded phone call to Harris to finalize this meeting time and to confirm the meeting location. The purpose of this pre-arranged meeting was for Harris to take possession of 100 kilograms of carfentanil (a Schedule II controlled substance) mixed with lactose from Bressi.

20.  Unbeknownst to Harris, Bressi was acting as a Cooperating Witness (CW) for the FBI. The carfentanil filled buckets Harris expected to receive from Bressi were replaced with buckets containing only lactose.

21.  FBI agents conducted ground surveillance of Harris' travel from Franklin Tower Residences in Philadelphia, Pennsylvania to Bressi's residence in Danville, Pennsylvania. The FBI observed, monitored, and recorded the meeting between Harris and Bressi at Bressi's residence in Danville, Pennsylvania. During the recorded conversation between Bressi and Harris, Bressi clearly identified the contents of the buckets as Carfentanil.

22.  Harris and Bressi loaded ten five gallon buckets containing 100 Kilograms of fake carfentanil (Lactose) from Bressi's garage floor into the bed of Harris's truck. Harris secured the

buckets under the truck's Tonneau cover. Harris gave $30,000 cash to Bressi as partial payment for the carfentanil.

23. After taking a tour of Bressi's residence, Harris departed and traveled directly back to Philadelphia. FBI ground surveillance units and a Pennsylvania Army National Guard counter-drug aviation unit helicopter surveilled Harris's return trip to Philadelphia. Harris parked the Dodge Ram pickup truck in the underground parking garage of the Philadelphia 201 Hotel, 201 North 17th Street, Philadelphia, PA. Harris left the ten five gallon buckets in the bed of the truck under the Tonneau cover and returned to his apartment. FBI Agents maintained surveillance of Harris and the pickup truck. That evening Harris traveled in a different vehicle from his Franklin Tower apartment to Latoya Martin's apartment located in Park Square Apartments, 751 Vandenberg Road, Unit 3308, King of Prussia, Pennsylvania. Harris remained at Martin's apartment overnight.

24. On Wednesday afternoon, June 19, 2019, FBI agents arrested Harris at Martin's Park Square apartment pursuant to an arrest warrant issued in the Middle District of Pennsylvania. FBI Agents recovered the ten five gallon buckets from the bed of HARRIS pickup truck.

25. On June 27, 2019, Bressi, Harris, and Henderson were indicted on one count of conspiracy to manufacture, distribute, and possession with intent to distribute controlled substances in violation of Title 21 United States Code Section 846. Bressi was charged with one count of possession with intent to distribute controlled substances in violation of Title 21 United States Code Section 841(a)(1). Harris and Henderson were both charged with one count of attempted possession with intent to distribute controlled substances in violation of Title 21 United States Code Section 846.

26. On or about March 30, 2020, Rebecca Patrick, Pennsylvania State Police Forensic Scientist 2, issued her final report documenting CLRT's on scene observations at Shiva and the laboratory analysis of chemicals located in and seized from Shiva. Based on the laboratory analysis of chemicals collected at SHIVA and based on the CLRT's on scene observations in Shiva, Patrick concluded that SHIVA was a synthesis laboratory capable of producing fentanyl, acetyl fentanyl, and carfentanil.

27. During interviews of BRESSI conducted subsequent to his arrest and with the authorization and approval of his attorney, BRESSI provided information indicating that he obtained information from the internet that he used to facilitate his production of fentanyl analogues.

28. Your affiant believes the listed devices may contain additional evidence of BRESSI's production of fentanyl analogues and the purchase of chemicals used in the production of fentanyl analogues.

29. The listed devices have been stored securely by the FBI from the time they were seized. The listed devices remain in secure storage with the FBI. The listed devices are presently stored at the Williamsport Resident Agency, Williamsport, Pennsylvania in the Middle District of Pennsylvania.

30. I am aware through my training and experience that the devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the devices were seized by the FBI on June 8, 2019.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

31. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

32. *Forensic evidence.* As further described in Attachment A, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence may be on the Devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

33. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

34. *Manner of execution.* Because this warrant seeks only permission to examine a device already lawfully in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

9

## CONCLUSION

35.     Based on the preceding, I believe that evidence, fruits, and instrumentalities of a violation of Title 21, U.S.C. Section 846, conspiracy and attempted possession with intent to distribute a controlled substance, and 18 U.S.C. § 2, will be located through an examination of the listed devices.

Respectfully submitted,

Timothy K. O'Malley
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on September 21, 2022

William I. Arbuckle
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

1. All digital records on a Toshiba laptop computer Serial Number 4E163493P, an HP laptop computer Serial Number 5CD6373Z0Y, Samsung tablet Serial Number R52GB2CN0WJ, a SanDisk Ultra Plus 64GB thumb drive, a Memorex 4GB thumb drive, a PNY 32GB thumb drive labeled "Shiva 9", a PNY 32GB thumb drive labeled "Shiva 2", a SanDisk Cruzer U 16GB thumb drive, a PNY 64 GB thumb drive, a SanDisk 32GB SD card, and a SanDisk Extreme Plus 64GB SD card, that relate to a violation of Title 21 U.S.C. Section 846 :

    a. All records and other information relating to use of the Device in furtherance of manufacture and distribution of illegal narcotics; and

    b. Evidence of user attribution showing who used or owned the Devices up to, and at, the time of its recovery as described herein; and

    c. As used above, the terms "records" and "information" include all items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.